[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO REFERRAL TO THE COMPLEX LITIGATION DOCKET
This case has twice been referred to the complex litigation docket. In both instances, the plaintiff Chiarelli has objected to the referral.
The referral papers document that this litigation is between two attorneys in a grudge match following previous battles between the CT Page 11231 current litigants in family court and before the grievance committee. The case also is described as dubious on the merits.
When the parties previously appeared before this court in May of this year, on the initial referral to the complex litigation docket, it was apparent that the parties were not interested in litigation of the dubious claims, but instead, intended to continue combat in the guise of civil litigation.
The defendant is in the process of serving and seeking to consolidate an equally dubious complaint against the plaintiff. Thus, the course of this litigation has failed to serve even a therapeutic function.
The parties are two attorneys representing themselves. The defendant attorney also represents the other defendants, being his brother and sister-in-law. The issues revolve around allegations of defamation and conspiracy, originating in a legal fee dispute.
Typically, complex litigation cases involve numerous parties, complex legal issues, and some significance in the resolution of the litigation. This case meets none of the criteria of numerosity, complexity or significance.
The complex litigation docket also affords an opportunity for enhanced case management. However, the resources involved in intensive case management should not be squandered presiding over this donnybrook.
In Connecticut, we have required the federal courts to address numerous public corruption issues, drug gang activities, and all of our major civil fraud cases. It is little wonder that Connecticut judicial resources are viewed as inadequate, when we characterize a case such as this one as "complex litigation."
Federal intervention has been necessitated by the default of our own state authority, which in the judicial sphere is bogged down in the adjudication of dubious tort claims and the world's most cumbersome system of jury selection. This court will not participate in a referral that compels the complex litigation docket to be made into the superior court vehicle charged with picking up and transporting all of its unruly passengers.
The objection to the referral of this case to the complex litigation docket is sustained. The case is referred back to the New Haven judicial district.
ROBERT F. McWEENY, J. CT Page 11232